William J. Becker, Jr., Esq. (SBN: 134545)
**FREEDOM X**
11500 Olympic Blvd., Suite 400
Los Angeles, California 90064
Telephone: (310) 636-1018
Facsímile: (310) 765-6328
Email: Bill@FreedomXLaw.com

Attorneys for Plaintiffs, *Our Peculiar Family,*
*Elisabeth Macy, Hannah Macy, Melissa Macy,*
*And Christiana Macy*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| OUR PECULIAR FAMILY,  a sole proprietorship; ELISABETH MACY, an individual, d.b.a. Our Peculiar Family; HANNAH MACY, an individual, d.b.a. Our Peculiar Family; MELISSA MACY, an individual, d.b.a. Our Peculiar Family; and CHRISTIANA MACY, an individual, d.b.a. Our Peculiar Family, | Case No.: 2:20-cv-00331-ODW-JC |

Case No.: 2:20-cv-00331-ODW-JC

**VERIFIED FIRST AMENDED COMPLAINT**

Violations of:

           Plaintiffs,

vs.

INSPIRE CHARTER SCHOOLS, a nonprofit corporation; CALEB JONES, individually and in his official capacity as Vendor Support Team Lead for INSPIRE CHARTER SCHOOLS; and DOES 1 through 25,

           Defendants.

1. First Amendment
   (Free Speech)
2. First Amendment (Retaliation)
3. First Amendment
   (Free Exercise of Religion)
4. First Amendment
   (Establishment of Religion)
5. Fourteenth Amendment
   (Equal Protection)
6. Fourteenth Amendment
   (Due Process)
7. California Unruh Civil Rights Act (Cal. Civ. Code §§ 51, 51.5, 52 & 52.1)

**Demand For Jury Trial**

FREEDOM X
11500 OLYMPIC BLVD, SUITE 400
LOS ANGELES, CA 90064

Plaintiffs, Our Peculiar Family, Elisabeth Macy, Hannah Macy Melissa Macy and Christiana Macy by and through their undersigned counsel, bring this Complaint against the above-named Defendants, their employees, agents, and successors in office, on their own behalf and as private attorneys general and in support thereof allege the following:

## INTRODUCTION

1.     "It is axiomatic that the government may not regulate speech based on its substantive content or the message it conveys." *Rosenberger v. Rector and Visitors of U. of Virginia*, 515 U.S. 819, 828 (1995). It is equally axiomatic that a public agency's policy that "expressly discriminates against otherwise eligible recipients by disqualifying them from a public benefit solely because of their religious character" (*Trinity Lutheran Church of Columbia, Inc. v. Comer*, 137 S. Ct. 2012, 2015 (2017)) "penalizes the free exercise of constitutional liberties" (*Id.* at 2022). Indeed, "conditions upon public benefits cannot be sustained if they so operate, whatever their purpose, as to inhibit or deter the exercise of First Amendment freedoms." *Sherbert v. Verner*, 374 U.S. 398, 405 (1963). The government "'may not deny a benefit to a person on a basis that infringes his constitutionally protected . . . freedom of speech' even if he has no entitlement to that benefit." *Board of Cty. Com'rs, Wabaunsee Cty., Kan. v. Umbehr*, 518 U.S. 668, 674 (1996) (quoting *Perry v. Sindermann*, 408 U.S. 593, 597 (1972)).

**Verified First Amended Complaint**

FREEDOM X
11500 OLYMPIC BLVD, SUITE 400
LOS ANGELES, CA 90064

2.      This lawsuit challenges the indiscriminate abuse of discretionary power exercised by a charter school network's vendor department in rejecting – solely on the basis of the religious content and/or viewpoint expressed on the vendor's website – the application of a Christian vendor to provide art instruction services to students enrolled in Defendants' charter schools. As such, it seeks to vindicate fundamental constitutional rights.

3.      This lawsuit is a civil rights action brought pursuant to the First and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983, as well as California's Unruh Civil Rights Act, challenging Defendants' unconstitutional acts, policies, practices, procedures customs and/or omissions of as set forth in this Complaint.

4.      Specifically, Plaintiffs are challenging Defendants' policy of restricting its use of funds to "secular services" provided by vendors contracting with Defendants (hereinafter, "Secular Only Vendor Policy").

5.      Plaintiffs respectfully seek preliminary and permanent injunctions enjoining the Defendants from barring Plaintiffs and similarly situated vendors from contracting with Defendants on the basis of the religious content and/or viewpoint appearing in the vendors' promotional and other marketing materials. Plaintiffs seek said equitable relief against individually named Defendants for executing an official policy or custom in violation of Plaintiffs' constitutional rights.

**Verified First Amended Complaint**

6. Additionally, Plaintiffs respectfully seek a declaration that Defendant Jones' interpretation, enforcement and implementation of the Secular Only Vendor Policy barring Plaintiffs and similarly situated vendors from contracting with Defendants on the basis of the religious content and/or viewpoint appearing in the vendors' promotional and other marketing material is unconstitutional. Plaintiffs also seek an award of damages against Defendant Jones, who acted under color of state law to cause the deprivation of Plaintiffs' federal rights, in his personal capacity.

7. Plaintiffs also respectfully seek a declaration that the Secular Only Vendor Policy is unconstitutionally overbroad on its face.

8. Plaintiffs also respectfully seek an award of the reasonable costs of litigation, including attorney's fees and expenses, pursuant to 42 U.S.C. § 1988, Cal. Civ. Code §§ 51, 51.5, 52 & 52.1 and 1021.5, and other applicable law.

**PRIVATE ATTORNEY GENERAL STANDING (Cal. Civ. Proc. § 1021.5)**

9. This lawsuit is additionally brought by Plaintiffs as private attorneys general pursuant to Cal. Civ. Proc. § 1021.5 to enforce an important right affecting the public interest. Plaintiffs stand in the shoes of all persons and businesses exposed to invidious religious discrimination by Defendants arising from their Secular Only Vendor Policy solely by virtue of their religious characteristic or expression.

Case No.: 2:20-cv-00331-ODW-JC

**Verified First Amended Complaint**

FREEDOM X
11500 OLYMPIC BLVD, SUITE 400
LOS ANGELES, CA 90064

10.     Plaintiffs therefore respectfully seek an award of attorney fees due to the necessity and financial burden of private enforcement of the public's important constitutional free speech and religious liberty rights.

## JURISDICTION AND VENUE

11.     This action arises under the First and Fourteenth Amendments to the United States Constitution, and is authorized pursuant to 42 U.S.C. § 1983 in relation to Defendants' deprivation of the Plaintiffs' constitutional rights. Accordingly, this Court has federal question jurisdiction under 28 U.S.C. §§ 1331 & 1343.

12.     Venue is proper under 28 U.S.C. § 1391(b). Each and all of the acts alleged herein were done by Defendants within Los Angeles County, California, and all Defendants reside or have their principle place of business located within Los Angeles County, California.

13.     This Court is authorized to grant a Declaratory Judgment under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, implemented through Rule 57 of the Federal Rules of Civil Procedure, and to issue the injunctive relief requested by Plaintiffs under Rule 65 of the Federal Rules of Civil Procedure; the requested injunctive relief under 28 U.S.C. § 1343(3); the requested damages under 28 U.S.C. § 1343(3); and attorneys' fees and costs under 42 U.S.C. § 1988.

Case No.: 2:20-cv-00331-ODW-JC

**Verified First Amended Complaint**

FREEDOM X
11500 OLYMPIC BLVD, SUITE 400
LOS ANGELES, CA 90064

14.   This Court has supplemental jurisdiction over pendent state law claims pursuant to 28 U.S.C. § 1367(a) and is therefore authorized to award statutory damages, attorneys' fees and costs under Cal. Civ. Code § 52.

## PLAINTIFFS

15.   Plaintiff Our Peculiar Family (hereinafter "OPF") is, and at all times relevant to this Complaint was, a sole proprietorship based and operating in Kern County, California. Its website is http://www.ourpeculiarfamily.com.

16.   Plaintiff Elisabeth Macy (hereinafter "Macy") is an individual over the age of 18 and a resident of Rosamond, California, in Kern County. At all times relevant to this Complaint, Macy, along with her co-Plaintiff sisters, is and was doing business as Our Peculiar Family with her sisters, Hannah Macy, Melissa Macy and Christiana Macy. Macy is suing on her own behalf as well as on behalf of OPF.

17.   Plaintiff Hannah Macy is an individual over the age of 18 and a resident of Rosamond, California, in Kern County. At all times relevant to this Complaint, Hannah Macy, along with her co-Plaintiff sisters, is and was doing business as Our Peculiar Family with her sisters, Elisabeth Macy, Melissa Macy, and Christiana Macy. Hannah Macy is suing on her own behalf as well as on behalf of OPF.

18.   Plaintiff Melissa Macy is an individual over the age of 18 and a resident of Rosamond, California, in Kern County. At all times relevant to this Complaint, Melissa Macy, along with her co-Plaintiff sisters, is and was doing business as Our

Case No.: 2:20-cv-00331-ODW-JC

**Verified First Amended Complaint**

Peculiar Family with her sisters, Elisabeth Macy, Hannah Macy, and Christiana Macy. Melissa Macy is suing on her own behalf as well as on behalf of OPF.

19.    Plaintiff Christiana Macy is an individual over the age of 18 and a resident of Rosamond, California, in Kern County. At all times relevant to this Complaint, Christiana Macy, along with her co-Plaintiff sisters, is and was doing business as Our Peculiar Family with her sisters, Elisabeth Macy, Hannah Macy, and Melissa Macy. Christiana Macy is suing on her own behalf as well as on behalf of OPF.

## DEFENDANTS

20.    Defendant Inspire Charter Schools (hereinafter "Inspire"), is a public entity established and organized under, and pursuant to, the laws of the State of California with the authority to sue and to be sued in its own name. Inspire operates schools throughout the State of California with its principle place of business located in Duarte, California, Los Angeles County. On information and belief, Defendant Inspire conducts its business operations, including the adoption of its policies toward vendors, within Los Angeles County. Inspire purportedly has an enrollment of over 35,000 students attending 13 schools and numerous more home school environments.[1]

---

[1] Evan Symon, "Inspire Charter Schools Find Themselves In Dire Straits Across California Over Numerous Allegations," *California Globe* (10/21/2019), https://californiaglobe.com/section-2/inspire-charter-schools-find-themselves-in-dire-straits-across-california-over-numerous-allegations/.

FREEDOM X
11500 OLYMPIC BLVD, SUITE 400
LOS ANGELES, CA 90064

Case No.: 2:20-cv-00331-ODW-JC

**Verified First Amended Complaint**

21.     Defendant Caleb Jones (hereinafter "Jones") is employed with Inspire as Vendor Support Team Lead, Vendor Department. Jones is sued in his official capacity as Director of Vendor Support and Onboarding responsible for developing, establishing, adopting, and implementing its policies, practices, procedure, customs, acts and omissions, including the challenged policies, practices, procedure, customs, acts and omissions set forth in this Complaint. Jones is sued in his personal capacity for damages. At all relevant times herein, Defendant Jones was a "person" acting under the color of state law pursuant to 42 U.S.C. § 1983.

22.     Plaintiffs are ignorant of the true names and capacities of Defendants sued herein as Does 1 through 25, and for that reason have sued them by their fictitious names.   On information and belief, Inspire policies and practices are established by a "governing board," whose members' identities are presently unknown to Plaintiffs.  On information and belief, Plaintiffs allege that each of these fictitiously named Defendants are responsible in some manner for some or all of the acts alleged herein.  Plaintiffs will amend this Complaint to set forth the true names and capacities of the fictitiously-named Defendants once ascertained.

23.     Plaintiffs are informed and believe, and thereon allege, that each of the Defendants sued herein, including those named herein as Does, are the agents, servants, employees, licensees, guarantees, indemnitors, invitees, or assignees of each other, and in doing the things herein alleged acted within the course and scope

FREEDOM X
11500 OLYMPIC BLVD, SUITE 400
LOS ANGELES, CA 90064

**Verified First Amended Complaint**

of such agency, employment, license, guaranty, indemnity, invitation, assignment and/or relationship and with the full knowledge, consent and approval of the remaining Defendants.

## STATEMENT OF FACTS

**A.** **Plaintiffs Are Members Of A Devout Christian Family Who Openly Express Their Christian Faith**

24.    Plaintiff OPF offers art instruction, including beginning drawing, graphite drawing, pen and ink, and colored pencil. It is a family business consisting of sisters Elisabeth, Hannah, Melissa and Christiana Macy. OPF generally charges $100 for an eight-week course with all supplies included. OPF offers its lessons to individuals ranging in age from nine to adult.

25.    Plaintiffs maintain a website promoting their art lessons:

www.ourperculiarfamily.com

26.    On the "About" page of the website, Plaintiffs explain the derivation of the business' name and what makes its members a "peculiar" family:

Our Peculiar Family got its start when Mike married Carol. Ten children later, the Macy family was complete! It very quickly became apparent that we were one rather peculiar family, and not just because we home-schooled or had a large family. Rather it seemed that although we didn't excel in the traditional math and spelling, we majored in music, art and incredible gluten free desserts.

27.    The family is also devoutly Christian. Thus, the description of being "peculiar" is also derived from Holy Scripture. In the King James Version of the

FREEDOM X
11500 OLYMPIC BLVD, SUITE 400
LOS ANGELES, CA 90064

Case No.: 2:20-cv-00331-ODW-JC

**Verified First Amended Complaint**

Bible, Deuteronomy 14:2 reads as follows: "For thou art an holy people unto the Lord thy God, and the Lord hath chosen thee to be **a peculiar people unto himself, above all the nations that are upon the earth**." (Emphasis added.)  Also in the King James Version, 1 Peter 2:9 reads as follows: "But ye are a chosen generation, a royal priesthood, an holy nation, **a peculiar people**; that ye should shew forth the praises of him who hath called you out of darkness into his marvelous light." (Emphasis added.)

## B.   Plaintiffs' Website Features Religious Content

28.    Although Plaintiffs express their religious identity in their website, the services they provide are nonsectarian.[2] Although Plaintiffs do not proselytize as part of the art lessons they offer, they nevertheless openly acknowledge that their artistic talents derive from God and that their faith informs the manner in which they promote their services. For example, OPF's website refers to "the Creator" as a motivating inspiration for their artistic vision:

> We have come to realize that our eyes see beauty that others sometimes miss. In that beauty we see purpose and meaning. From a decrepit old building or the many colors found on a rusty old car, to the barren stillness of our desert valley to a wondering child's face, **we believe the world around us reflects the beauty and glory of its Creator**. Something deep within us longs to capture what we see and then to share it with others, so they too, may "see it" with us.

---

[2] "Nonsectarian" is defined as "[n]ot affiliated with or limited to any particular religious group or its beliefs." Black's Law Dictionary , 1221 (10th ed., 2014).

Case No.: 2:20-cv-00331-ODW-JC

**Verified First Amended Complaint**

FREEDOM X
11500 OLYMPIC BLVD, SUITE 400
LOS ANGELES, CA 90064

(Emphasis added.) http://www.ourpeculiarfamily.com/our-family

29.     Additionally, OPF quotes 1Peter 2:9 on the home page of its website to further explain the purpose behind their "peculiar" name.

**C.     Defendants Have A Policy Of Excluding Vendors On The Basis Of Religion Or, Alternatively, Coercing Them To Choose Between Exercising Their Religious Freedom Or Receiving A Government Benefit**

30.     Pursuant to policy, practice and/or custom, Defendants have created a public forum for vendors to provide various educational services to students enrolled within their charter schools.

31.     Defendants partner with vendors in providing students with various products and services. Service vendors are required to submit an application for approval before they become an approved school vendor. Its Vendor Center web page[3] states in pertinent part:

> Every year our students are allocated Instructional Funds for their academic and extracurricular activities. These funds can be used for an array of personalized learning options such as fine arts courses, music classes, tutoring, supplies, technology, supplemental education materials, and much more.

32.     Defendants have adopted a policy of using only "secular" vendors ("Secular Only Vendor Policy") as stated on their website:

> **All student orders using Instructional Funds must be secular** and are approved by the student's teacher and our Enrichment Department before the orders are placed by the school.

[3] https://inspireschools.org/enrichment/vendor-center

**Verified First Amended Complaint**

FREEDOM X
11500 OLYMPIC BLVD, SUITE 400
LOS ANGELES, CA 90064

(Emphasis added.) https://inspireschools.org/enrichment/enrichment-ordering-system. This language was revised following the filing of the initial Complaint in this action. It currently states: "Orders are approved by teachers and must be secular."

33.     Vendors who are approved enter into a private contractual relationship with Inspire, but do not provide outsourced governmental functions as independent contractors.

34.     In order to be approved, a potential vendor is required to fill out a Vendor Application Survey linked on the Vendor Center web page.

35.     The survey can be found at:

> https://docs.google.com/forms/d/e/1FAIpQLScTweLB05iS4GmmBgr
> sKW8hkLXNMsAX6I5QzBx8VwbK8bef3Q/viewform?fbzx=-
> 4681351933715658926, last accessed on February 14, 2020.

36.     The Web Center page has been taken down since the filing of the initial Complaint in this action. Its URL was:

> https://inspireschools.org/enrichment/vendor-center

37.     Sometime during August 2019, Macy filled out Inspire's Vendor Application Survey. The Survey required Macy to enter her business' address, website and other information but did not give her the option of specifying locations where she wished to furnish OPF's services.

**Verified First Amended Complaint**

38.   In the section of the Survey asking for a "detailed description of the service," Macy described OPF's art instruction. Nothing in Macy's description of the OPF's services stated, suggested or implied that said services were religious in nature or had "religious inclinations."

39.   On or about September 6, 2019, Macy received an email from Defendant Caleb Jones in which Jones said that her application could not be approved because:

> **The services appear to be religious in nature or have religious inclinations**. Services that contain religious content of any kind are not considered enrichment eligible and cannot be covered with our students' general education instructional funds. As Inspire Charter Schools and its family of schools are public institutions that are funded by the state legislature, all services must be nonsectarian.

(Emphasis added.) (A true and correct copy of the September 6, 2019, e-mail is attached hereto as Exhibit "A" and incorporated herein by reference.)

40.   On or about September 11, 2019, Macy e-mailed Jones asking why her vendor application could not be processed or approved. (A true and correct copy of the e-mail is attached hereto as Exhibit "B" and incorporated herein by reference.)

41.   On or about September 12, 2019, Jones e-mailed Macy back, clarifying that the decision to reject OPF's application was content-based and derived from a review of OPF's website, not from Macy's description of services on her Vendor Survey. He wrote:

Case No.: 2:20-cv-00331-ODW-JC

**Verified First Amended Complaint**

FREEDOM X
11500 OLYMPIC BLVD. SUITE 400
LOS ANGELES, CA 90064

This decision was **based upon the content** included on your website. **All services and content on websites must be secular in nature for a vendor to be eligible for enrichment funds**.

(Emphasis added.) (A true and correct copy of the September 12, 2019, e-mail is attached hereto as Exhibit "C" and incorporated herein by reference.)

42.     Later that day, Macy again wrote to Jones asking for clarification:

Thank you for getting back to me. Could you be a little more specific as to what content on our website is inappropriate? I don't remember seeing any guidelines as to what could or couldn't be included on a website when I was looking into becoming a vendor. Thank you.

(A true and correct copy of the September 12, 2019, e-mail is attached hereto as Exhibit "D" and incorporated herein by reference.)

43.     On September 16, 2019, Jones telephoned Macy to advise her that she would be required to remove Bible verses and references to "the Creator" on her website  in order to have her application approved.

44.     On September 23, 2019, Macy sent an email to Jones asking him to confirm that her vendor application would not be approved unless she were to remove all religious references from her website. She wrote:

I have been talking to my sister (who also teaches the art classes) about our conversation. She wants to make sure that I understood you correctly. Basically, the reason we were not approved as vendors for Inspire is because of the Bible verse on the Home page of our website and the reference to a "Creator" on our About page, and not because of the content of our art classes, correct? If we were to remove those references, you said there shouldn't be a problem anymore?

**Verified First Amended Complaint**

(A true and correct copy of the September 23, 2019, e-mail is attached hereto as Exhibit "E" and incorporated herein by reference.)

45.     Shortly thereafter, Jones responded by conditioning approval of OPF's application on the removal of religious content from OPF's website:

> Thank you for your email. As a public school, we are cautious with how we use our funds. **We want to make sure that funds are used towards secular services**. We also are very careful with the impression that is given by our vendor's websites. This is the reasoning for the decision.
>
> **If all services are secular and If you were willing to remove this content from your website, we could continue the approval process.** However, this is completely up to you.
>
> I hope this helps clarify. Let me know if you have any other questions.

(Emphasis added.) (A true and correct copy of the September 23, 2019, e-mail is attached hereto as Exhibit "F" and incorporated herein by reference.)

46.     Jones' rejection of Plaintiffs' vendor application was based on either his role as the sole decisionmaker acting pursuant to a duty he understood to flow from his office or pursuant to policies established, endorsed, ratified or sanctioned by the Inspire Governing Board members, all of whom, on information and belief, possess the power to perpetuate the discriminatory policies alleged herein.

### D.     Plaintiffs Have Suffered Economic Injury

47.     As a result of Defendants' rejection of Plaintiffs' vendor application, Plaintiffs have incurred the loss of the pecuniary value of the services they sought to provide in an amount to be established at trial.

**Verified First Amended Complaint**

## FIRST CLAIM FOR RELIEF

Violation of the First Amendment
(42 U.S.C. § 1983 – Free Speech)

(Against Defendants Jones and DOES 1-25 in their official capacities and
Defendant Jones in his personal capacity)

48.     Plaintiffs  hereby incorporate by reference all above-stated paragraphs.

49.     The First Amendment to the United States Constitution prohibits abridgement of the freedom of speech, and the First Amendment is incorporated against the states by the Fourteenth Amendment. Persons violating the First Amendment under color of law are liable at law and in equity under 42 U.S.C. § 1983.

50.     Facial challenge: Defendants have an express policy ("Secular Only Vendor Policy") of excluding vendors who engage in religious expression from partnership with them. Inspire's website affirmatively states this policy as follows: "All student orders using Instructional Funds must be secular…."

51.     As-applied challenge: As detailed above, Jones engaged in a series of communications with Macy in which he stated that the decision to reject Plaintiffs' vendor application "was based upon the content included on your website," that "[a]ll services and content on websites must be secular in nature for a vendor to be eligible for enrichment funds," that "[w]e want to make sure that funds are used towards secular services," and that "[i]f all services are secular and if you were

FREEDOM X
11500 OLYMPIC BLVD, SUITE 400
LOS ANGELES, CA 90064

**Verified First Amended Complaint**

willing to remove this content from your website, we could continue the approval process."

52.    On its face and as applied to Plaintiffs, the Secular Only Vendor Policy is a content-based prior restraint on speech that requires Defendants to choose between exercising their religious freedom or receiving a government benefit in the form of vendor application approval.

53.    On its face and as applied to Plaintiffs, the Secular Only Vendor Policy is a viewpoint-based prior restraint on speech that allows secular (non-religious) expression but disallows religious expression, thereby giving preference to non-religious expression.

54.    By reason of the aforementioned policy, practice, custom, acts, and omissions, engaged in under color of state law, Defendants have imposed content- and viewpoint-based restrictions on Plaintiffs' speech in violation of the Free Speech Clause of the First Amendment as applied to the states and their political subdivisions under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983 in that Defendants have censored Plaintiffs' speech, based upon its content and viewpoint, and have prohibited Plaintiff from expressing their religious messages with no compelling state interest that would justify such censorship.

FREEDOM X
11500 OLYMPIC BLVD, SUITE 400
LOS ANGELES, CA 90064

Case No.: 2:20-cv-00331-ODW-JC

**Verified First Amended Complaint**

55.     As a direct and proximate consequence of Defendants' violation of Plaintiffs' federal civil rights under 42 U.S.C. § 1983 and the First Amendment, Plaintiffs have suffered and will suffer irreparable injury that cannot fully be compensated by an award of monetary damages.

56.     Pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiffs are entitled to declaratory relief and preliminary and permanent injunctive prospective relief invalidating and restraining enforcement of the restrictions allowed or required by the Secular Only Vendor Policy prohibiting religious messages on Plaintiffs' website. As to this claim for relief, Plaintiffs seek said equitable relief pursuant to *Ex Parte Young,* 209 U.S. 123 (1908) against all Defendants acting in their official capacities.

57.     Additionally, Plaintiffs are entitled to their actual and nominal damages arising from Defendant Jones' unconstitutional actions in his personal capacity while acting under color of state law, as well as reasonable costs of suit.

58.     Plaintiff  found it necessary to engage the services of private counsel to vindicate their rights under the law. Plaintiffs are therefore entitled to an award of attorneys' fees pursuant to 42 U.S.C. § 1988.

## SECOND CLAIM FOR RELIEF

Violation of the First Amendment
(42 U.S.C. § 1983 – Free Speech Clause – Retaliation)

(Against Defendants Jones and DOES 1-25 in their official capacities and

Case No.: 2:20-cv-00331-ODW-JC

**Verified First Amended Complaint**

FREEDOM X
11500 OLYMPIC BLVD, SUITE 400
LOS ANGELES, CA 90064

Defendant Jones in his personal capacity)

59.   Plaintiffs hereby incorporate by reference all above-stated paragraphs.

60.   The First Amendment to the United States Constitution prohibits abridgement of the freedom of speech, and the First Amendment is incorporated against the states by the Fourteenth Amendment. Persons violating the First Amendment under color of law are liable at law and in equity under 42 U.S.C. section 1983.

61.   With certain exceptions not applicable here, public agencies may not take adverse action against citizens, including vendors who seek to provide services to the agencies, based on speech or expression by those persons with whom the agencies or their officials or employees disagree.

62.   When Plaintiffs applied for vendor approval with Inspire, they engaged in a constitutionally protected activity, religious expression on their website.

63.   Acting under color of state law, Defendants violated Plaintiffs' clearly established rights under the First Amendment by retaliating against Plaintiffs' constitutionally protected speech.

64.   Defendant Jones' adverse action caused Plaintiffs injury by requiring them to remove the Bible verses on their website. Such a requirement has the effect of deterring or chilling a person of ordinary firmness from continuing to engage in such activity in order to partner with Inspire as a vendor. Defendant Jones'

**Verified First Amended Complaint**

FREEDOM X
11500 OLYMPIC BLVD, SUITE 400
LOS ANGELES, CA 90064

requirement was motivated at least in part as a response to the exercise of the Plaintiff's constitutional rights to engage in religious expression.

65.    Defendant DOES 1-25 joined the above-referenced Defendants in violating Plaintiffs' clearly established rights by ratifying, endorsing and approving Defendant Jones' acts in violation of Plaintiffs' clearly established rights. Such Defendants thereby established a policy to violate those rights in that manner.

66.    By reason of the aforementioned policy, practice, custom, acts, and omissions, engaged in under color of state law, Defendants have imposed content- and viewpoint-based restrictions on Plaintiffs' speech in violation of the Free Speech Clause of the First Amendment as applied to the states and their political subdivisions under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983 in that Defendants have censored Plaintiffs' speech, based upon its content and viewpoint, and have prohibited Plaintiff from expressing their religious messages with no compelling state interest that would justify such censorship.

67.    As a direct and proximate consequence of Defendants' violation of Plaintiffs' federal civil rights under 42 U.S.C. § 1983 and the First Amendment, Plaintiffs have suffered and will suffer irreparable injury that cannot fully be compensated by an award of monetary damages.

**Verified First Amended Complaint**

FREEDOM X
11500 OLYMPIC BLVD, SUITE 400
LOS ANGELES, CA 90064

68.     Pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiffs are entitled to declaratory relief and preliminary and permanent injunctive prospective relief invalidating and restraining enforcement of the restrictions allowed or required by the Secular Only Vendor Policy prohibiting religious messages on Plaintiffs' website. As to this claim for relief, Plaintiffs seek said equitable relief pursuant to *Ex Parte Young,* 209 U.S. 123 (1908) against all Defendants acting in their official capacities.

69.     Additionally, Plaintiffs are entitled to their actual and nominal damages arising from Defendant Jones' unconstitutional actions in his personal capacity while acting under color of state law, as well as reasonable costs of suit.

70.     Plaintiff found it necessary to engage the services of private counsel to vindicate their rights under the law. Plaintiffs are therefore entitled to an award of attorneys' fees pursuant to 42 U.S.C. § 1988.

### THIRD CLAIM FOR RELIEF

Violation of the First Amendment
(42 U.S.C. § 1983 – Free Exercise of Religion)

(Against Defendants Jones and DOES 1-25 in their official capacities and
Defendant Jones in his personal capacity)

71.     Plaintiffs hereby incorporate by reference all above-stated paragraphs.

72.     Defendants' policy and practice of prohibiting Plaintiffs and other similarly situated vendors from engaging in religious expression on their websites

FREEDOM X
11500 OLYMPIC BLVD, SUITE 400
LOS ANGELES, CA 90064

**Verified First Amended Complaint**

violates the Free Exercise Clause of the First Amendment to the United States Constitution, as incorporated and applied to Defendants under the Fourteenth Amendment.

73.   Defendants' requirement that Plaintiffs make a choice between exercising their constitutional right to engage in religious expression on their website or receive a government benefit in the form of approval of their vendor application was motivated by a discriminatory purpose.

74.   Plaintiffs  desire to engage in the expressive activities described above on the basis of their sincerely held religious beliefs.

75.   By reason of the aforementioned policy, practice, custom, acts, and omissions, engaged in under color of state law, Defendants have violated the Free Exercise Clause of the First Amendment to the United States Constitution as applied to the states and their political subdivisions under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

76.   Defendants' policy and practice substantially burdens Plaintiffs' free exercise of religion by conditioning their right to receive vendor approval by removing religious messages from their website.

77.   Defendants' policy and practice, as demonstrated by Jones' emails, are not neutral or generally applicable as they deny Plaintiffs and other vendors similarly situated the ability to express their religious viewpoints on their websites.

Case No.: 2:20-cv-00331-ODW-JC

**Verified First Amended Complaint**

FREEDOM X
11500 OLYMPIC BLVD, SUITE 400
LOS ANGELES, CA 90064

78.    Defendants' policy and practice are not neutral because they target religious speech and permit Defendants to arbitrarily decide what speech is permitted under the policy and practice and what speech is not.

79.    Defendants' policy and practice constitute the imposition of special disabilities on Plaintiffs  due to their religious expression.

80.    These special disabilities apply only to religious speech and exercise and to no other speech.

81.    Defendants' policy and practice cannot be justified by a compelling governmental interest and are not narrowly tailored to advance any such interest.

82.    Defendants' policy and practice chill Plaintiffs' freedom of religious exercise, which is a fundamental right guaranteed to Plaintiff  by the First Amendment.

83.    Defendants' policy and practice of prohibiting Plaintiffs from expressing religious messages on their website so as not to forfeit a chance to partner with Inspire by providing art instruction to students lacks a valid secular purpose, has the primary effect of inhibiting religion, and creates an excessive entanglement with religion in violation of the United States Constitution.

84.    Defendants' policy and practice of prohibiting Plaintiffs from expressing religious messages on their website so as not to forfeit a chance to partner with Inspire by providing art instruction to students conveys an impermissible,

**Verified First Amended Complaint**

FREEDOM X
11500 OLYMPIC BLVD, SUITE 400
LOS ANGELES, CA 90064

government-sponsored message of disapproval of and hostility toward religion. As a result, Defendants' policy and practice sends a clear message to Plaintiffs that they are outsiders, not full members of the vendor community, and an accompanying message that secular vendors are insiders and favored members of the vendor community in violation of the United States Constitution.

85.    By reason of the aforementioned policy, practice, custom, acts, and omissions, engaged in under color of state law, Defendants have imposed content- and viewpoint-based restrictions on Plaintiffs' speech in violation of the Free Speech Clause of the First Amendment as applied to the states and their political subdivisions under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983 in that Defendants have censored Plaintiffs' speech, based upon its content and viewpoint, and have prohibited Plaintiff from expressing their religious messages with no compelling state interest that would justify such censorship.

86.    As a direct and proximate consequence of Defendants' violation of Plaintiffs' federal civil rights under 42 U.S.C. § 1983 and the First Amendment, Plaintiffs have suffered and will suffer irreparable injury that cannot fully be compensated by an award of monetary damages.

87.    Pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiffs are entitled to declaratory relief and preliminary and permanent injunctive prospective relief

**Verified First Amended Complaint**

FREEDOM X
11500 OLYMPIC BLVD, SUITE 400
LOS ANGELES, CA 90064

invalidating and restraining enforcement of the restrictions allowed or required by the Secular Only Vendor Policy prohibiting religious messages on Plaintiffs' website. As to this claim for relief, Plaintiffs seek said equitable relief pursuant to *Ex Parte Young,* 209 U.S. 123 (1908) against all Defendants acting in their official capacities.

88.     Additionally, Plaintiffs are entitled to their actual and nominal damages arising from Defendant Jones' unconstitutional actions in his personal capacity while acting under color of state law, as well as reasonable costs of suit.

89.     Plaintiff  found it necessary to engage the services of private counsel to vindicate their rights under the law. Plaintiffs are therefore entitled to an award of attorneys' fees pursuant to 42 U.S.C. § 1988.

## FOURTH CLAIM FOR RELIEF

Violation of the First Amendment
(42 U.S.C. § 1983 – Establishment of Religion)

(Against Defendants Jones and DOES 1-25 in their official capacities and Defendant Jones in his personal capacity)

90.     Plaintiffs hereby incorporate by reference all above-stated paragraphs.

91.     The Establishment Clause applies not only to official preference of a particular religion or religious belief, but also to official disapproval or hostility toward religion. The Establishment Clause mandates governmental neutrality between religion and nonreligion.

Case No.: 2:20-cv-00331-ODW-JC

**Verified First Amended Complaint**

FREEDOM X
11500 OLYMPIC BLVD, SUITE 400
LOS ANGELES, CA 90064

92.    By reason of the aforementioned policy, practice, custom, acts, and omissions, engaged in under color of state law, Defendants have imposed content- and viewpoint-based restrictions on Plaintiffs' speech in violation of the Free Speech Clause of the First Amendment as applied to the states and their political subdivisions under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983 in that Defendants have censored Plaintiffs' speech, based upon its content and viewpoint, and have prohibited Plaintiff from expressing their religious messages with no compelling state interest that would justify such censorship.

93.    As a direct and proximate consequence of Defendants' violation of Plaintiffs' federal civil rights under 42 U.S.C. § 1983 and the First Amendment, Plaintiffs have suffered and will suffer irreparable injury that cannot fully be compensated by an award of monetary damages.

94.    Pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiffs are entitled to declaratory relief and preliminary and permanent injunctive prospective relief invalidating and restraining enforcement of the restrictions allowed or required by the Secular Only Vendor Policy prohibiting religious messages on Plaintiffs' website. As to this claim for relief, Plaintiffs seek said equitable relief pursuant to *Ex Parte Young,* 209 U.S. 123 (1908) against all Defendants acting in their official capacities.

**Verified First Amended Complaint**

FREEDOM X
11500 OLYMPIC BLVD, SUITE 400
LOS ANGELES, CA 90064

95.     Additionally, Plaintiffs are entitled to their actual and nominal damages arising from Defendant Jones' unconstitutional actions in his personal capacity while acting under color of state law, as well as reasonable costs of suit.

96.     Plaintiff found it necessary to engage the services of private counsel to vindicate their rights under the law. Plaintiffs are therefore entitled to an award of attorneys' fees pursuant to 42 U.S.C. § 1988.

## FIFTH CLAIM FOR RELIEF

Violation of the Fourteenth Amendment
(42 U.S.C. § 1983 – Equal Protection)

(Against Defendants Jones and DOES 1-25 in their official capacities and Defendant Jones in his personal capacity)

97.     Plaintiffs hereby incorporate by reference all above-stated paragraphs.

98.     A facially neutral policy that has been applied in an unlawfully discriminatory manner or has an adverse effect and was motivated by discriminatory animus violates the Equal Protection Clause of the Fourteenth Amendment.

99.     By their actions in prohibiting Plaintiff from entering into a vendor contract with Inspire due to the appearance of religious content on Plaintiffs' website, Defendants have treated Plaintiffs differently from other vendors and have inconsistently applied their policies based upon subjective determinations as to which messages are acceptable and which messages are not.

FREEDOM X
11500 OLYMPIC BLVD, SUITE 400
LOS ANGELES, CA 90064

Verified First Amended Complaint

100.   The Secular Only Vendor Policy is so overbroad that it vests in Inspire officials, including Defendant Jones, unfettered discretion to apply it in a discriminatory manner.

101.   The Secular Only Vendor Policy is so overbroad that it has the adverse effect of allowing Defendants to suppress Plaintiffs' lawful religious expression.

102.   Defendant Jones was motivated by discriminatory animus toward religion in suppressing Plaintiffs' lawful religious expression.

103.   By reason of the aforementioned policy, practice, custom, acts, and omissions, engaged in under color of state law, Defendants have imposed content- and viewpoint-based restrictions on Plaintiffs' speech in violation of the Free Speech Clause of the First Amendment as applied to the states and their political subdivisions under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983 in that Defendants have censored Plaintiffs' speech, based upon its content and viewpoint, and have prohibited Plaintiff from expressing their religious messages with no compelling state interest that would justify such censorship.

104.   As a direct and proximate consequence of Defendants' violation of Plaintiffs' federal civil rights under 42 U.S.C. § 1983 and the First Amendment, Plaintiffs have suffered and will suffer irreparable injury that cannot fully be compensated by an award of monetary damages.

**Verified First Amended Complaint**

FREEDOM X
11500 OLYMPIC BLVD, SUITE 400
LOS ANGELES, CA 90064

105.   Pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiffs are entitled to declaratory relief and preliminary and permanent injunctive prospective relief invalidating and restraining enforcement of the restrictions allowed or required by the Secular Only Vendor Policy prohibiting religious messages on Plaintiffs' website. As to this claim for relief, Plaintiffs seek said equitable relief pursuant to *Ex Parte Young,* 209 U.S. 123 (1908) against all Defendants acting in their official capacities.

106.   Additionally, Plaintiffs are entitled to their actual and nominal damages arising from Defendant Jones' unconstitutional actions in his personal capacity while acting under color of state law, as well as reasonable costs of suit.

107.   Plaintiff  found it necessary to engage the services of private counsel to vindicate their rights under the law. Plaintiffs are therefore entitled to an award of attorneys' fees pursuant to 42 U.S.C. § 1988.

### SIXTH CLAIM FOR RELIEF

Violation of the Fourteenth Amendment
(42 U.S.C. § 1983 – Due Process)

(Against Defendants Jones and DOES 1-25 in their official capacities and Defendant Jones in his personal capacity)

108.   Plaintiffs  hereby incorporate by reference all above-stated paragraphs.

109.   Defendants, acting under color of state law and according to a policy, pattern and practice, have enacted the Secular Only Venodor Policy, which is vague,

**Verified First Amended Complaint**

FREEDOM X
11500 OLYMPIC BLVD, SUITE 400
LOS ANGELES, CA 90064

overbroad, and improperly affords Defendants unfettered discretion in its application, and therefore deprives Plaintiffs of their clearly established due process rights guaranteed by the Fourteenth Amendment to the United States Constitution.

110. Defendants violated Plaintiffs' due process rights by rejecting their application to provide art instruction to students enrolled within ISC schools due solely to the religious content expressed on Plaintiffs' website.

111. By rejecting Plaintiffs' application, Defendants demonstrated a reckless and callous indifference to Plaintiffs' rights.

112. By reason of the aforementioned policy, practice, custom, acts, and omissions, engaged in under color of state law, Defendants have imposed content- and viewpoint-based restrictions on Plaintiffs' speech in violation of the Free Speech Clause of the First Amendment as applied to the states and their political subdivisions under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983 in that Defendants have censored Plaintiffs' speech, based upon its content and viewpoint, and have prohibited Plaintiff from expressing their religious messages with no compelling state interest that would justify such censorship.

113. As a direct and proximate consequence of Defendants' violation of Plaintiffs' federal civil rights under 42 U.S.C. § 1983 and the First Amendment,

FREEDOM X
11500 OLYMPIC BLVD, SUITE 400
LOS ANGELES, CA 90064

**Verified First Amended Complaint**

Plaintiffs have suffered and will suffer irreparable injury that cannot fully be compensated by an award of monetary damages.

114. Pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiffs are entitled to declaratory relief and preliminary and permanent injunctive prospective relief invalidating and restraining enforcement of the restrictions allowed or required by the Secular Only Vendor Policy prohibiting religious messages on Plaintiffs' website. As to this claim for relief, Plaintiffs seek said equitable relief pursuant to *Ex Parte Young,* 209 U.S. 123 (1908) against all Defendants acting in their official capacities.

115. Additionally, Plaintiffs are entitled to their actual and nominal damages arising from Defendant Jones' unconstitutional actions in his personal capacity while acting under color of state law, as well as reasonable costs of suit.

116. Plaintiff found it necessary to engage the services of private counsel to vindicate their rights under the law. Plaintiffs are therefore entitled to an award of attorneys' fees pursuant to 42 U.S.C. § 1988.

## SEVENTH CLAIM FOR RELIEF

Violation of the California's Unruh Civil Rights Act
(Cal. Civ. Code §§ 51, 51.5, 52 & 52.1)

(Against All Defendants)

117. Plaintiffs hereby incorporate by reference all above-stated paragraphs.

FREEDOM X
11500 OLYMPIC BLVD, SUITE 400
LOS ANGELES, CA 90064

118.   All persons within the jurisdiction of the State of California are free and equal, and no matter what their religion status are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever. "Religion" includes all aspects of religious belief, observance, and practice.

119.   No business establishment of any kind whatsoever shall discriminate against, boycott or blacklist, or refuse to buy from, contract with, sell to, or trade with any person in this state on account of religion.

120.   Defendants, and each of them, adopted, applied, enforced or otherwise carried out a policy of discrimination by rejecting Plaintiffs' vendor application on the basis of Plaintiffs' religious expression on their website.

121.   Defendants' additionally interfered with Plaintiffs' constitutional rights by attempting to coerce them into altering their website by removing references to Bible verses. Such attempts to coerce Plaintiffs required them to choose between exercising their freedom of religion or receiving a government benefit, to wit, approval of their vendor application.

122.   Defendants, and each of them, are liable to Plaintiffs for their actual damages, and an amount up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000).

**Verified First Amended Complaint**

FREEDOM X
11500 OLYMPIC BLVD, SUITE 400
LOS ANGELES, CA 90064

123.   Defendants, and each of them, are additionally liable to Plaintiffs for attorney's fees.

124.   Defendants, and each of them, are additionally liable to Plaintiffs for exemplary damages.

125.   Defendants, and each of them, are additionally liable to Plaintiffs for a civil penalty of twenty-five thousand dollars ($25,000).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray for relief and judgment against Defendants, jointly and severally, as follows, in amounts according to proof:

1.     For judgment in favor of Plaintiffs  against Defendants;

2.     For a declaration that the Secular Only Vendor Policy is unconstitutional on its face;

3.     For a declaration that the Secular Only Vendor Policy is unconstitutionally overbroad on its face;

4.     For a declaration that the Secular Only Vendor Policy is unconstitutional as applied;

5.     For a declaration that Defendants violated 42 U.S.C. § 1983;

6.     For a declaration that Defendants violated the First and Fourteenth Amendments to the United States Constitution;

FREEDOM X
11500 OLYMPIC BLVD, SUITE 400
LOS ANGELES, CA 90064

7.     For preliminary and permanent injunctive relief prohibiting Defendants from enforcing their unconstitutional content- and/or viewpoint-based Secular Only Vendor Policy against Plaintiffs and those similarly situated and from unconstitutionally ratifying a heckler's veto by inhibiting Plaintiffs' First Amendment and Fourteenth Amendment rights of speech and expression and those rights belonging to third parties in the future;

8.     For compensatory damages according to proof against Defendant Jones and DOES 1-25 in their personal capacities only pursuant to the First and Fourteenth Amendments to the United States Constitution;

9.     For nominal damages for the past loss of their constitutional rights as set forth in this Complaint against Defendant Jones  and DOES 1-25 in their personal capacities only pursuant to the First and Fourteenth Amendments to the United States Constitution;

10.    For punitive and exemplary damages for all claims for which such damages are authorized against Defendant Jones  and DOES 1-25 in their personal capacities only pursuant to the First and Fourteenth Amendments to the United States Constitution;

11.    For actual damages against all Defendants pursuant to California's Unruh Civil Rights Act (Cal. Civ. Code §§ 51, 51.5, 52 & 52.1);

Case No.: 2:20-cv-00331-ODW-JC

**Verified First Amended Complaint**

12.    For an amount up to a maximum of three times the amount of actual damage per Plaintiff per Defendant but in no case less than four thousand dollars ($4,000) pursuant to California's Unruh Civil Rights Act (Cal. Civ. Code §§ 51, 51.5, 52 & 52.1);

13.    For a civil penalty of twenty-five thousand dollars ($25,000) against all Defendants per Plaintiff per Defendant pursuant to California's Unruh Civil Rights Act (Cal. Civ. Code §§ 51, 51.5, 52 & 52.1);

14.    For an award of reasonable attorneys' fees, costs and expenses pursuant to 42 U.S.C. § 1988, California's Unruh Civil Rights Act (Cal. Civ. Code §§ 51, 51.5, 52 & 52.1), Cal. Civ. Proc. § 1021.5 and other applicable law;

15.    For costs of suit incurred herein pursuant to 42 U.S.C. § 1988, California's Unruh Civil Rights Act (Cal. Civ. Code §§ 51, 51.5, 52 & 52.1), and other applicable law; and

16.    For such other and further relief as the Court deems just and proper.

DATE: February 14, 2020                    Respectfully submitted,

                                           FREEDOM X

                                           *s/ William J. Becker, Jr.*
                                           Attorneys for Plaintiffs

**DEMAND FOR JURY TRIAL ON FOLLOWING PAGE**

FREEDOM X
11500 OLYMPIC BLVD, SUITE 400
LOS ANGELES, CA 90064

**Verified First Amended Complaint**

# DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs Our Peculiar Family, Elisabeth Macy, Hannah Macy, Melissa Macy and Christiana Macy demand trial by jury on all individual claims they bring against Defendants in this action of all issues so triable.

DATE: February 14, 2020

FREEDOM X

*s/ William J. Becker, Jr.*
Attorneys for Plaintiffs

## VERIFICATIONS ON FOLLOWING PAGE

**Verified First Amended Complaint**

**VERIFICATION**

I, Elisabeth Macy, declare under penalty of perjury under the laws of the

United States of America that the foregoing is true and correct. 28 U.S.C. § 1746.

*Elisabeth C Macy*

Elisabeth Macy, an individual, and on
behalf of Our Peculiar Family, a sole
proprietorship

Dated: February 14, 2020

**VERIFICATION**

I, Hannah Macy, declare under penalty of perjury under the laws of the

United States of America that the foregoing is true and correct. 28 U.S.C. § 1746.

*Hannah D. Macy*

Hannah Macy, an individual, and on
behalf of Our Peculiar Family, a sole
proprietorship

Dated: February 14, 2020

**VERIFICATIONS CONTINUE ON NEXT PAGE**

Verified Complaint

**VERIFICATION**

I, Melissa Macy, declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. 28 U.S.C. § 1746.

*Melissa J Macy*

Melissa Macy, an individual, and on behalf of Our Peculiar Family, a sole proprietorship

Dated: February 14, 2020

**VERIFICATION**

I, Christiana Macy, declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. 28 U.S.C. § 1746.

*Christiana Joy Macy*

Christiana Macy, an individual, and on behalf of Our Peculiar Family, a sole proprietorship

Dated: February 14, 2020

38