1  **DECLUES, BURKETT & THOMPSON, APC**
   **Attorneys at Law**
2  PATRICIA A. LYNCH, SBN 101711
   e-mail address: plynch@dbtlaw.com
3  JENNIFER K. BERNEKING, SBN 167172
   e-mail address: jberneking@dbtlaw.com
4  17011 Beach Blvd., Ste. 400
   Huntington Beach, CA 92647-7455
5  Phone: (714) 843-9444
   Fax: (714) 843-9452
6
7  Attorneys for Defendants, PROVENANCE, a California non-profit public benefit corporation, erroneously named and sued herein as Inspire Charter Schools, and CALEB JONES

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| OUR PECULIAR FAMILY, a sole proprietorship; ELISABETH MACY, an individual, d.b.a. Our Peculiar Family; HANNAH MACY, an individual, d.b.a. Our Peculiar Family; MELISSA MACY, an individual, d.b.a. Our Peculiar Family; and CHRISTIANA MACY, an individual, d.b.a. OUR PECULIAR FAMILY,<br><br>Plaintiffs,<br><br>vs.<br><br>INSPIRE CHARTER SCHOOLS, a nonprofit corporation; CALEB JONES, individually and in his official capacity as Vendor Support Team Lead for INSPIRE CHARTER SCHOOLS; and DOES 1 through 25,<br><br>Defendants. | CASE NO.: 2:20-cv-00331-ODW-JC<br><br>*Complaint Filed: 1/13/20*<br><br>*Judge Otis D. Wright, II*<br>*Courtroom 5D*<br><br>**REPLY TO OPPOSITION TO MOTION TO DISMISS**<br><br>Date: April 13, 2020<br>Time: 1:30 p.m.<br>Courtroom: 5D |

Defendants PROVENANCE, erroneously named and sued herein as Inspire Charter Schools, and CALEB JONES hereby submit the following Memorandum of Points and Authorities in reply to plaintiff OUR PECULIAR FAMILY, ELISABETH MACY, HANNAH MACY, MELISSA MACY, and CHRISTIANA MACY's Opposition to Defendants' Motion to Dismiss.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. THE COURT MAY GRANT JONES' MOTION TO DISMISS THE FIRST THROUGH SIXTH CLAIMS FOR FAILING TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AS TO HIS INDIVIDUAL CAPACITY.

In opposing defendant JONES' Motion to Dismiss the First through Sixth Claims in his individual capacity on the basis of JONES' qualified immunity therefore, plaintiffs ignore the well-established precedent that public officials sued under 42 U.S.C. § 1983 are entitled to qualified immunity if:

> (1) the "right" they allegedly violated was not "clearly established" at the time of the violation, **or** (2) if a reasonable [official] would have thought that the defendants' actions were constitutional.

*Palmer v. Sanderson*, 9 F.3d 1433, 1435 (9th Cir. 1993) (citations omitted) (emphasis added); see also *Neely v. Feinstein*, 50 F.3d 1502, 1507 (9th Cir. 1995). Herein, defendant JONES clearly was operating within the provisions of Cal. *Ed. Code* § 47605(d)(1) by ensuring that Inspire did not contract with vendors who were potentially nonsectarian in the provision of services to Inspire's students. A reasonable official, such as defendant JONES, would have thought his actions were constitutional at the time. Consequently, he is entitled to qualified immunity to the First through Sixth Claims in his individual capacity.

To deny qualified immunity to JONES in his individual capacity would result in an outcome with far-reaching unintended consequences such that public employees would face personal liability for a whole host of reasonable operational decisions made during the course of the individual's employment. Plaintiffs attempt to obfuscate the real issue by implying that if JONES is found to have qualified immunity in his individual capacity, Inspire and other public charter school entities could demand that employees forgo wearing of any and all religious symbols at their place of employment. (Opp. pg. 8, ll. 1-10). This

is not the issue at all.[1]  The actual issue is by allowing OPF to become an approved vendor without modifying its website to remove sectarian references, Inspire could potentially be favoring plaintiffs' religious views in violation of the No Preference and Establishment Clauses.  JONES was merely attempting to have Inspire comply with the California Education Code provisions.  Qualified immunity applies herein.

The Court may properly grant defendant JONES' Motion to Dismiss the First through Sixth causes of action on the basis of qualified immunity in his individual capacity.

## II. THE COURT SHOULD GRANT THE MOTION TO DISMISS AS TO THE SEVENTH CLAIM MADE PURSUANT TO THE UNRUH ACT.

As discussed in the moving points and authorities, plaintiffs' Unruh Act claim is defective for a variety of reasons than cannot be remedied by amendment.  Notably, plaintiffs are required to plead that (1) defendants engaged in intentional religious discrimination and (2) the discrimination was directed at her personally.  *See, Munson v. Del Taco, Inc.*, 46 Cal.4th 661, 668 (2009). Plaintiffs fail to plead either prong.  Instead, plaintiffs point to allegations in the Complaint that defendants denied their vendor application after viewing their website.  (Opp. pg. 10, ll. 20-22).  Plaintiffs argue that these allegations are sufficient and not speculative because defendants acted "deliberately." (Opp. pg. 10, ll. 21-23).  Even assuming OPF was not added to Inspire's approved vendor list because of the contents of the website (which is speculative), there is no indication that defendants' decision was directed at plaintiffs personally.

In addition, plaintiffs' claim is excluded from the Unruh Act because it is substantively different from a customer-proprietor claim. *See Alcorn v. Anbro Eng'g, Inc.*, 2 Cal.3d 493, 500 (1970).  Here, plaintiffs were not seeking to receive services from defendants.  Rather, plaintiffs applied to provide services (i.e. art lessons), paid for with public school dollars from Inspire, a public school.  (FAC ¶ 31).  Further, unlike the physician in *Payne v. Anaheim Mem'l*, 30 Cal.Rptr.3d 230, 245 (2005), plaintiffs do not and

---

[1] Indeed, there is no physical place of employment for Inspire Charter School employees. Moreover, plaintiffs have neither been employed, nor applied for, employment with Inspire.

cannot allege they were seeking to use defendants' facilities for the simple reason that defendants have no facilities available for vendor use. Plaintiffs fail to identify any authority supporting their expansive reading of the Unruh Act, and instead invites this court to take liberties with the California Supreme Court's holding that a plaintiff suing under the act must be "client, patron or customer" receiving "goods, services or facilities." *See Stamps v. Superior Court,* 136 Cal.App.4th 1441, 1448-49 (2006).

Defendants will not repeat their analysis here of the Establishment Clause, the No Preference Clause, and Inspire's legitimate business interest in exercising discretion over its curriculum, which is directed related to the school's enterprise. Suffice it to say, none of the authorities cited plaintiffs' brief repudiates a public school's discretion and control over its own curriculum, and by extension, the curriculum content offered by its vendors.

Furthermore, because plaintiffs have failed to plead that they were personally discriminated against based on one of the characteristics articulated in Civil Code section 51, plaintiffs likewise fail to state a claim under Civil Code section 51.5. *Semler v. General Electric Capital Corp.*, 127 Cal.Rptr.3d 794, 812 (2011); *see Jackson v. Superior Court*, 36 Cal.Rptr.2d 207, 209 & n.3.

The Court may properly grant defendants' Motion to Dismiss the Seventh cause of action without leave to amend.

### III. PLAINTIFFS ADMIT THAT DENDANTS' MOTION TO DISMISS THE PORTION OF THE SEVENTH CLAIM BASED UPON CIVIL CODE SECTION 52.1 IS WELL TAKEN.

Plaintiffs concede that defendants' Motion to Dismiss with respect to the portion of their Seventh claim based upon Cal. *Civ. Code* section 52.1 is well taken and have agreed to withdraw the references to Section 52.1 set forth in the First Amended Complaint. (Opp. pg. 14, ll. 20-24.

///

## IV. **PLAINTIFFS HAVE NOT ARTICULATED HOW THEY CAN AMEND THEIR COMPLAINT IF PERMITTED.**

The burden is on plaintiffs to demonstrate how they can amend their First Amended Complaint to sufficiently plead a sufficient religious discrimination claim against defendants based upon the Unruh Act. (*See, e.g.*, *Rosen v. St. Joseph Hospital of Orange County,* 193 Cal.App.4th 453, 458 (2011) ["The plaintiff bears the burden of proving there is a reasonable possibility of amendment. To satisfy that burden, the plaintiff must show in what manner he can amend his complaint and how that amendment will change the legal effect of his pleading. The assertion of an abstract right to amend does not satisfy this burden."], internal citations and quotations omitted.) While Plaintiffs appear to be aware of their burden to make this showing (*see, e.g.*, Opp. pg. 15, ll. 6-8), but do not identify any new facts that could be plead. Plaintiffs have failed to demonstrate how they should amend their claims, and the Motion to Dismiss should therefore be sustained without leave to amend.

## V. **CONCLUSION.**

For the reasons set forth above, plaintiffs have failed to properly allege any claim upon which relief may be granted in the Complaint as to JONES in his individual capacity or as to PROVENANCE.  The Court may properly grant this Motion to Dismiss without leave to amend.

Dated:  March 30, 2020          **DECLUES, BURKETT & THOMPSON, APC**


BY: *s/Jennifer K. Berneking*
PATRICIA A. LYNCH
JENNIFER K. BERNEKING
Attorneys for Defendants, PROVENANCE, a California non-profit public benefit corporation, erroneously sued and served as Inspire Charter Schools, and CALEB JONES